```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

DONALD NELSON, DONALD WHITE,
a minor by and through his
best friend, LACHELLE WHITE,
mother                                              PLAINTIFFS

VERSUS                         CIVIL ACTION NO. 5:05cv173-DCB-JCS

RITE AID CORPORATION, HERSHEY
FOOD CORPORATION                                    DEFENDANTS

### MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This matter comes before the Court on the plaintiffs' Motion to Remand [**docket entry no. 4**]. Having reviewed the Motion, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

### FACTS AND PROCEDURAL BACKGROUND

According to the plaintiffs, on October 8, 2003, Donald Nelson and Donald White purchased Hershey Candy Bars from a Rite Aid store located in Natchez, Mississippi. See Compl., ¶4. Afterwards, while eating the candy bars, the plaintiffs noticed that they were "old and contained foreign critters not consistent with the usual ingredients of a Hershey Bar." Compl., ¶4. The plaintiffs subsequently became violently ill and required medical attention. Id.

The plaintiffs filed a lawsuit in the Circuit Court of Adams County against Rite Aid and The Hershey Company[1] ("Hershey") on

---

[1] The complaint incorrectly identifies The Hershey Company as "Hershey Food Corporation".

June 2, 2004, alleging that the defendants had negligently placed unsafe products on the market and caused them injury.  In the plaintiffs' Amended Complaint they sought $100,000 for pain and suffering, plus punitive and compensatory damages in an amount to be proven at trial.  See Amended Compl. in Civil Action No. 5:04cv229, ¶9.  After the defendants removed the action, the plaintiffs voluntarily dismissed their claims without prejudice on September 27, 2004.

A number of months later, the plaintiffs again filed essentially the same complaint in Adams County Circuit Court, alleging the same cause of action against the same defendants; however, no mention was made in the instant complaint of a specific amount of damages sought nor was a claim for punitive damages asserted by the plaintiffs.  Hershey propounded a request for admissions to the plaintiffs requesting that they "Admit that the matter in controversy in the subject litigation exceeds the sum or value of $75,000."  See First Requests for Admission to Plaintiffs (attached as Ex. C to Response to Motion to Remand).  The plaintiffs responded that "At this time, Plaintiff is unable to admit or deny that the matter in controversy in the subject litigation exceeds the sum of [sic] value of $75,000."  See Response to First Request for Admissions (attached as Ex. C to Response to Motion to Remand).  On the basis of this response from the plaintiffs, Hershey again removed the case to this Court on

September 19, 2005.

In an order dated February 22, 2006, the Court found that there was insufficient evidence as to whether the amount in controversy had been met to support diversity jurisdiction.  <u>See</u> docket entry no. 5.  Hershey was instructed to prove that this jurisdictional requirement had been met via discovery and to file a supplemental memorandum showing cause to the Court why this matter should not be remanded.  Hershey propounded a set of interrogatories and requests for admissions to the plaintiffs on February 28, 2006.  <u>See</u> docket entry no. 7.  The interrogatories asked the plaintiffs to specifically identify all the damages, and the factual bases therefor, being sought from the defendant.  The requests for admissions asked for the plaintiffs to admit that the matter in controversy exceeds $75,000.00.  The plaintiffs failed to timely respond to these discovery requests.

In an order dated May 18, 2006, the Court again found that there was insufficient evidence of the amount in controversy to support federal jurisdiction.  <u>See</u> docket entry no. 9.  This dearth of information, however, was based upon the plaintiffs' failure to respond to the propounded requests for discovery from the defense.  The Court ordered the plaintiffs to respond to those requests and warned plaintiffs' counsel that he would be sanctioned if he failed to do so.  In a pleading dated June 2, 2006, the defendants assert that the plaintiffs have continued to refuse to respond to their

discovery requests and the Court's order.  <u>See</u> docket entry no. 10. The defendants ask for the Court to deny the plaintiffs' motion to remand on the basis that they refuse to comply with discovery.

## DISCUSSION

As a result of the plaintiffs' failure to respond to remand-related discovery, the defendants have, so far, been unable to establish diversity jurisdiction over this action.  Though it is the defendants' burden to establish federal jurisdiction upon removal, the Court will not allow a plaintiff's failure to respond to discovery to be used as a weapon to hamstring the defendants in meeting that burden.

A court may, in some situations, sanction a non-responsive party by deeming facts establishing personal jurisdiction as admitted.  <u>See</u> <u>Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694 (1982) (using discovery sanctions to establish personal jurisdiction after defendant failed to respond).  However, subject matter jurisdiction may not be established as a sanction.  <u>See</u> <u>id.</u> ("[N]o action of parties can confer subject-matter jurisdiction upon a federal court").  Therefore, the Court cannot, as the defendants suggest it does, assume that diversity jurisdiction exists merely because the plaintiffs have not responded to discovery requests.  The Court will, however, have the plaintiffs' attorney respond to Court orders directing him to answer discovery requests, or the

plaintiffs will be forced to proceed without Mr. Muhammad's assistance and either they or another attorney may properly respond.

Pursuant to Local Rule 83.1(C), the Court may impose sanctions against a party's attorney, including censure and revocation of the attorney's admission to practice before the court.  Before doing so, however, the attorney must be given thirty (30) days notice and an opportunity to show cause to the contrary.  Federal Rule of Civil Procedure 11 also allows for sanctions to be levied against an attorney for violation of the Rule so long as he is provided notice and an opportunity to respond.  Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' attorney, Kevin D. Muhammad, shall appear in court for a sanction hearing.  He shall be notified of the date, time and location of said hearing when the matter is scheduled.  At that hearing, Mr. Muhammad shall show cause to the Court why he should not be sanctioned for his failure to respond to discovery requests and to the Court's Order dated May 18, 2006 [docket entry no. 9].

SO ORDERED, this the 10th day of July, 2006.


                                                S/DAVID BRAMLETTE
                                                UNITED STATES DISTRICT JUDGE