```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION
```

DONALD NELSON, DONALD WHITE,
a minor by and through his
best friend, LACHELLE WHITE,
mother                                                  PLAINTIFFS

VERSUS                         CIVIL ACTION NO. 5:05cv173-DCB-JCS

RITE AID CORPORATION, HERSHEY
FOOD CORPORATION                                        DEFENDANTS

## ORDER TO SHOW CAUSE

This matter comes before the Court after reviewing the Response to Order to Show Cause entered by the plaintiff's attorney, Kevin Muhammad, on July 12, 2006 [docket entry no. 12]. The Court's previous order directed Muhammad to respond and show cause at a sanction hearing for his failure to respond to discovery requests and an earlier show cause order. See Order dated July 10, 2006 [docket entry no. 11]. Muhammad states in his response that he suffered a series of unforeseen circumstances which caused him to stop practicing law at his former location in Fayette, Mississippi, and that he had also been hospitalized due to severe mental trauma and emotional distress for a period of time which interfered with his ability to respond. See Response, ¶¶1-2. Muhammad further claims that his former office personnel, without his knowledge or approval, erroneously told a number of his clients that he was no longer practicing law. He believes that the plaintiffs' file in this case was returned to those individuals by said personnel and that, in consequence, he lacks any contact

information to reach his clients.  Lastly, Muhammad "requests the court's assistance and guidance to deal with the matter."

In light of the fact that Muhammad's response does not give any indication as to whether he continues to represent the plaintiffs in this action, the Court instructs him that he has two options.  Under the first option, Muhammad is directed to contact his clients[1] and present them with this order.  If they decide they want to continue under his representation, Muhammad is directed to respond to the Court's order dated May 18, 2006 [docket entry no. 9] by answering the defendants' requests for discovery within ten (10) days from entry of this order.  Under the second option, if Muhammad no longer wishes to represent the plaintiffs in this action or if his clients express a desire to retain other counsel, he may file a motion for leave to withdraw as counsel within ten (10) days from entry of this order.  The Court will defer scheduling a hearing on possible sanctions until it has either received a response from Muhammad or his time for so responding has elapsed.

---

[1] Though Muhammad claims he lost his clients' contact information after the case file was returned to them, there are any number of ways that he could obtain that information such as through a phone book, an internet listing, a call to opposing counsel or even by contacting the clerk's office in either the state or federal court.

SO ORDERED, this the 14th day of July, 2006.

<u>S/DAVID BRAMLETTE</u>
UNITED STATES DISTRICT JUDGE
