**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

DONALD NELSON, DONALD WHITE,
a minor by and through his
best friend, LACHELLE WHITE,
mother                                                           PLAINTIFFS

VERSUS                              CIVIL ACTION NO. 5:05cv173-DCB-JCS

RITE AID CORPORATION, HERSHEY
FOOD CORPORATION                                               DEFENDANTS

<u>**MEMORANDUM OPINION & ORDER**</u>

    This matter comes before the court on the plaintiffs' Motion
to Remand [**docket entry no. 4**].  Having reviewed the Motion,
briefs, applicable statutory and case law and being otherwise
fully advised as to the premises, the Court finds and orders as
follows:

**FACTS & PROCEDURAL HISTORY**

    Plaintiffs claim that on October 8, 2003, they entered a
Rite Aide store in Natchez, Mississippi and purchased a Hershey's
Candy Bar.  Upon eating the candy bar, plaintiffs allegedly
discovered "critters" in the candy and became violently ill,
vomited, developed a fever, and were forced to seek medical
attention.  On March 17, 2005, plaintiffs filed this action
against The Hershey Company (incorrectly named in the complaint
as Hershey Food Corporation) and Rite Aide Corporation in the

Circuit Court of Adams County, Mississippi.[1]  The Hershey Company propounded a request for admissions to the plaintiffs requesting that they "Admit that the matter in controversy in the subject litigation exceeds the sum or value of $75,000." (Resp. to Motion to Remand Ex. C.)  The plaintiffs responded that "At this time, Plaintiff is unable to admit or deny that the matter in controversy in the subject litigation exceeds the sum of [sic] value of $75,000." (Resp. to Motion to Remand Ex. C.)  On the basis of this response from the plaintiffs, Hershey removed the case to this Court on September 19, 2005 based on diversity jurisdiction.[2]

Since Hershey filed its motion to remove this case, a considerable amount of the Court's time has been taken up with plaintiffs' counsel's refusal to respond to discovery requests propounded by Hershey regarding the amount in controversy.  On February 22, 2006, the Court entered an order stating that Hershey had not met its burden of establishing subject matter jurisdiction by a preponderance of the evidence because of the insufficiency of evidence concerning the amount in controversy.

---

[1]Plaintiffs previously brought a virtually identical suit in state court, but it was voluntarily dismissed after the defendants filed a motion to remove the case.

[2]It is undisputed that diversity of citizenship is met.  Both defendants are incorporated in Delaware and have their principal places of business in states other than Mississippi.  Plaintiffs all reside in Mississippi.

(See Mem. Op. & Show Cause Order, Feb. 22, 2006, **docket entry no. 5.**)  Due to plaintiffs vague responses to Hershey's prior discovery attempts, the Court permitted further remand-related discovery and specifically allowed Hershey to supplement its Response to Plaintiffs' Motion to Remand in regard to the amount in controversy.  Id.  On February 26, 2006, Hershey propounded interrogatories and requests for admissions to plaintiffs regarding the nature and extent of the plaintiffs' damages. (Supp. Resp. to Motion to Remand, **docket entry no. 8.**)  As of April 20, 2006, plaintiffs had not responded and Hershey filed its Supplemental Response to Motion to Remand requesting that the Court deem the unanswered requests for admissions be admitted.[3] Id.  On May 18, 2006, the Court again ruled that due to an insufficiency of evidence, Hershey had not met its burden of establishing jurisdiction.  The Court further ordered plaintiffs'

---

[3]These requests for admissions read, **"REQUEST NO. 1:** Admit that the matter in controversy in this subject litigation exceeds the sum or value of $75,000.00.  **REQUEST NO. 2:** Admit that you are seeking as damages in this subject litigation of a sum in excess of $75,000.00."

Although unanswered requests for admissions are typically deemed admitted unless denied within thirty days of service, see Fed. R. Civ. P. 36, this cannot be the case for discovery directly related to the existence of subject matter jurisdiction.  This Court has an affirmative duty to verify the existence of jurisdiction.  Ayers v. 482018-Div "N", 2006 WL 1049042, at *1 (5th Cir. Apr. 20, 2006) (admonishing that courts should always verify existence of jurisdiction); see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 695 (1982) ("[N]o action of parties can confer subject matter jurisdiction upon a federal court").

attorney, Kevin D. Muhammad, to comply with Hershey's discovery attempts or face sanctions.  (Mem. Op. & Order to Show Cause, May 18, 2006, **docket entry no. 9.**)  After Mr. Muhammad refused to comply with the Court's order requiring him to respond to Hershey's discovery, Mr. Muhammad was ordered to show cause why he should not be sanctioned for his egregious conduct.  (Mem. Op. & Order to Show Cause, July 10, 2006, **docket entry no. 11.**)  Mr. Muhammad responded with many alleged justifications, including complaints of disloyal office personnel, loss of the case file (and therefore contact information for the plaintiffs), hospitalization, financial jeopardy, and personal crisis.  (Resp. to Order, July 12, 2006, **docket entry no. 12.**)  On July 14, 2006, the Court again issued an Order requiring that if Mr. Muhammad was going to continue representing the plaintiffs in this case, he must comply with Hershey's discovery requests or face sanctions.  (Order to Show Cause, July 14, 2006, **docket entry no. 13.**)[4]  On July 24, 2006, Mr. Muhammad filed a Motion to Withdraw, which was denied by Magistrate Judge Roper.  (See **docket entry no. 14** & Order, August 3, 2006 (denying motion to withdraw).)

Recently, it has come to the Court's attention that Kevin

_____

[4]Furthermore, the Court was unpersuaded by Mr. Muhammad's claims of being unable to contact plaintiffs due to a lost case file.  The Court listed several options available Mr. Muhammad for ways to contact plaintiffs; all of which would be readily apparent to a reasonable person.

Muhammad is no longer licensed to practice law in Mississippi. According to the Mississippi Supreme Court clerk's office, Mr. Muhammad has been disbarred, although his disbarment is presently on appeal.[5]

## DISCUSSION

A cardinal concept of our Federalism and American jurisprudence is that federal courts cannot issue advisory opinions based on mere hypothetical jurisdiction.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998). Therefore, this Court cannot simply "assume" jurisdiction to decide the merits of a case.  Id.  Subject matter jurisdiction is non-waivable and every federal court has the duty to satisfy itself that proper jurisdiction exists.  Id.; see also Ayers v. 482018-Div "N", 2006 WL 1049042, at *1 (5th Cir. Apr. 20, 2006).

On removal, the defendant has the burden to establish subject matter jurisdiction by a preponderance of the evidence. See Pullman Co. v. Jenkins, 305 U.S. 534, 540 (1939)  Carson v. Dunham, 121 U.S. 421, 425-26 (1887); Jernigan v. Ashland Oil Co., 989 F.2d 812, 815 (5th Cir. 1993); Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 253-54 (5th Cir. 1961).  "Only state-court actions that could have originally been filed in federal court may be removed to federal court by the defendant."

---

[5]Until such time as Mr. Muhammad's disbarment is overturned, he is not a licensed attorney in the State of Mississippi.

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).
Therefore, in an action based on diversity jurisdiction as this
one, the defendant must prove both (1) diversity of citizenship
and (2) an amount in controversy in excess of the statutory
threshold.  See 28 U.S.C. § 1332.

I.   Determining an Amount in Controversy When None has been Pled

     The Fifth Circuit, in White v. FCI USA, Inc., 319 F.3d
672(5th Cir. 2003), described the following procedure for
determining whether the jurisdictional amount in controversy has
been established:

> In removal practice, when a complaint does not
> allege a specific amount of damages, the party
> invoking federal jurisdiction must prove by a
> preponderance of the evidence that the amount
> in controversy exceeds the jurisdictional
> amount. The district court must first examine
> the complaint to determine whether it is
> "facially apparent" that the claims exceed the
> jurisdictional amount.  If it is not thus
> apparent, the court may rely on "summary
> judgment-type" evidence to ascertain the
> amount in controversy.

White, 319 F.3d at 675 (quoting St. Paul Reinsurance Co. Ltd. v.
Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

     The Fifth Circuit has also recognized that while plaintiffs
are generally "masters of their complaints,"[6] there is a
potential for manipulation of federal jurisdiction by allowing a

---

[6] See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S.
283, 289 (1938) (holding that where the complaint requests a
specific sum of damages, that amount controls if made in good
faith).

party to plead damages less than the jurisdictional amount "if their pleadings do not limit the actual damages they may ultimately collect." <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 n.14 (5th Cir. 1995).  Where no amount has been specifically pled in the complaint, the defendant may still overcome a motion to remand through showing by a preponderance of the evidence that the amount in controversy exceeds the statutory requisite.  <u>De Aguilar v. Boeing Co.</u>, 11 F.3d 55, 58 (5th Cir. 1993).  This burden on the defendant becomes exceedingly difficult when, as here, the plaintiffs' attorney refuses to cooperate with remand-related discovery requests.[7]

Recognizing this difficulty, the Fifth Circuit has provided removing parties with the procedural safeguard of <u>Tedford v. Warner-Lambert Co.</u>, 327 F.3d 423 (5th Cir. 2003).  "Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in [28] U.S.C. § 1446(b) be extended."  <u>Tedford</u>, 327 F.3d at 428-29.  This <u>Tedford</u> protection is implicated where plaintiffs are vague in pleading damages and non-responsive in answering jurisdiction-related discovery.  <u>See Wilbanks v. N. Am.</u>

---

[7] Due to 28 U.S.C. § 1446(b), which provides that "a case may not be removed on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action," some less scrupulous attorneys have attempted to avoid removal by refusing to cooperate with such requested discovery.

<u>Coal Corp.</u>, 334 F. Supp. 2d 921, 923 (S.D. Miss. 2004) (remanding
action based on amount in controversy and stating, "Should
Plaintiff [after § 1446(b)'s one year period] conveniently and
coincidentally amend his pleadings to seek damages in an amount
greater than $75,000, this Court would entertain imposing the
<u>Tedford</u> exception"); <u>see also</u> <u>Lee v. State Farm Mut. Auto. Ins.</u>
<u>Co.,</u> 360 F. Supp. 2d 825 (S.D. Miss. 2005) (remanding action
because <u>Tedford</u> provided ample protection to defendant in event
of potential forum manipulation by plaintiff).

II.   <u>The Defendant has not Met Its Burden of Proving by a
      Preponderance that the Amount in Controversy Exceeds $75,000</u>

     In a situation where a defendant is unable to prove the
existence of proper jurisdiction due to a plaintiff's
unwillingness to cooperate with discovery requests, the proper
remedy is not to simply grant removal.  To deny plaintiffs'
motion to remand, rather, the Court must satisfy itself that the
amount in controversy is met. <u>See</u> <u>White</u>, 319 F.3d at 675 (stating
that district court should examine complaint and determine if it
is "more probable than not" that amount in controversy is met).

     Here, it cannot be said that plaintiffs' allegations in
their complaint make it "facially apparent" that their claim
exceeds $75,000.  Plaintiffs complaint avers that, "Once the
Plaintiffs bit into the Hershey Bar Candy product, they became
violently ill, began to throw up, develop [sic] fever and became
sick, so much so [sic] that medical attention, hospital and

physician attention was required." (Compl. ¶ 4.) This motion to remand has been pending for nearly ten months without any progress regarding the nature or extent of the injuries. The Court is fully aware that this delay is in no way attributable to any misconduct on the part of Hershey. Hershey diligently sought discovery and properly motioned the Court several times in an effort to obtain the necessary information. Nevertheless, the Court is unconvinced that the plaintiffs could possibly recover more than the jurisdictional threshold in this case.

Furthermore, as the Courts held in both <u>Lee v. State Farm Mut. Auto. Ins. Co.</u>, 360 F. Supp. 2d 825 (S.D. Miss. 2005) and <u>Wilbanks v. N. Am. Coal Corp.</u>, 334 F. Supp. 2d 921 (S.D. Miss. 2004), if at any time in the course of the state court litigation it becomes apparent that the claim truly is one for more than the jurisdictional bar, the Court will entertain the jurisdiction issue if this case is again removed and the possible application of the <u>Tedford</u> exception. Mr. Muhammad's conduct to date has been inexcusable and to punish Hershey for his failures would be inequitable.

## CONCLUSION

Based on the reasoning and authority set forth above, the Court finds that the amount in controversy in this case is not met. Since this Court lacks subject matter jurisdiction, this action should be remanded to the Circuit Court of Adams County,

Mississippi.  Accordingly,

IT IS HEREBY ORDERED THAT plaintiffs' Motion to Remand
[**docket entry no. 4**] is **GRANTED.**

SO ORDERED, this the 25th day of August, 2006.


S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE